UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| **Ron Williams**,<br><br>            Plaintiff,<br><br>v.<br><br>**Vanderbilt US Holdings Corp.**, **Steven Morrow**, and **Nicholas Hayes**,<br><br>            Defendants. | No.<br><br>**COMPLAINT** |

Plaintiff, Ron Williams ("Plaintiff"), sues the Defendants, Vanderbilt US Holdings Corp., Steven Morrow, and Nicholas Hayes and alleges as follows:

**PRELIMINARY STATEMENT**

1.   This is an action for unpaid minimum wages, unpaid overtime wages, liquidated damages, attorneys' fees, costs, and interest under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq., and unpaid minimum and overtime wages under Missouri Minimum Wage Law, Missouri Revised Statutes ("M.R.S.") Sections 290.500 through 290.530.

2.   The FLSA was enacted "to protect all covered workers from substandard wages and oppressive working hours."  Barrentine v. Ark Best Freight Sys. Inc., 450 U.S. 728, 739 (1981).  Under the FLSA, employers must pay all non-exempt employees a minimum wage of pay for all time spent working during their regular 40-hour workweeks.  See 29 U.S.C. § 206(a).  Under the FLSA, employers must pay all non-exempt employees one and one-half their regular rate of pay for all hours worked in excess of 40 hours in a workweek.  See 29 U.S.C § 207.

-1-

3. M.R.S. Sections 290.500 through 530, et seq., established minimum and overtime wage rates within the State of Missouri.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq*. because this civil action arises under the Constitution and law of the United States. This Court also has subject matter jurisdiction pursuant 28 U.S.C. § 1367 because the state law claims asserted herein are so related to claims in this action over which this Court has subject matter jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) because acts giving rise to the claims of Plaintiff occurred within the Eastern District of Missouri, and Defendants regularly conduct business in and have engaged in the wrongful conduct alleged herein – and, thus, are subject to personal jurisdiction in – this judicial district.

## PARTIES

6. At all times material to the matters alleged in this Complaint, Plaintiff was an individual residing in St. Louis, Missouri, and is a former employee of Defendants.

7. At all material times, Vanderbilt US Holdings Corp. was a corporation duly licensed to transact business in the State of Missouri. At all material times, Defendant Vanderbilt US Holdings Corp. does business, has offices, and/or maintains agents for the transaction of its customary business in St. Louis, Missouri.

8. At all relevant times, Defendant Vanderbilt US Holdings Corp. owned and operated as "Vanderbilt Construction Co.," a construction company located at 921 La Beaume Street, St. Louis, MO 63102.

9. Under the FLSA, Defendant Vanderbilt US Holdings Corp. is an employer. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee. At all relevant times, Defendant Vanderbilt US Holdings Corp. had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants. As a person who acted in the interest of Defendant Vanderbilt US Holdings Corp. in relation to the company's employees, Defendant Vanderbilt US Holdings Corp. is subject to liability under the FLSA.

10. Defendant Steven Morrow has caused events to take place giving rise to the claims in this Complaint. Steven Morrow an owner of Defendant Vanderbilt US Holdings Corp. and was at all relevant times Plaintiff's employer as defined by the FLSA, 29 U.S.C. § 203(d).

11. Under the FLSA, Defendant Steven Morrow is an employer. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee. At all relevant times, Defendant Steven Morrow had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants. As a person who acted in the interest of Defendant Vanderbilt US Holdings Corp. in relation to the company's employees, Defendant Steven Morrow is subject to individual liability under the FLSA.

12. Defendant Nicholas Hayes has caused events to take place giving rise to the claims in this Complaint. Nicholas Hayes an owner of Defendant Vanderbilt US Holdings Corp. and was at all relevant times Plaintiff's employer as defined by the FLSA, 29 U.S.C. § 203(d).

13. Under the FLSA, Defendant Nicholas Hayes is an employer. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee. At all relevant times, Defendant Nicholas Hayes had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants. As a person who acted in the interest of Defendant Vanderbilt US Holdings Corp. in relation to the company's employees, Defendant Nicholas Hayes is subject to individual liability under the FLSA.

14. Plaintiff is further informed, believes, and therefore alleges that each of the Defendants herein gave consent to, ratified, and authorized the acts of all other Defendants, as alleged herein.

15. Defendants, and each of them, are sued in both their individual and corporate capacities.

16. Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiff.

17. At all relevant times, Plaintiff was an "employee" of Defendants as defined by the FLSA, 29 U.S.C. § 201, *et seq.*

18. The provisions set forth in the FLSA, 29 U.S.C. § 201, *et seq.*, apply to Defendants.

19. At all relevant times, Defendants were and continue to be "employers" as defined by the FLSA, 29 U.S.C. § 201, *et seq.*

20. The provisions set forth in the M.R.S. Sections 290.500 through 290.530 apply to Defendants.

21. At all relevant times, Plaintiff was an "employee" of Defendants as defined by M.R.S. § 290.500.

22. At all relevant times, Defendants were and continue to be "employers" of Plaintiff as defined by M.R.S. § 290.500.

23. Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

24. Plaintiff, in his work for Defendants, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

25. At all relevant times, Plaintiff, in his work for Defendants, was engaged in commerce or the production of goods for commerce.

26. At all relevant times, Plaintiff, in his work for Defendants, was engaged in interstate commerce.

27. Plaintiff, in his work for Defendant, regularly handled goods produced or transported in interstate commerce.

## FACTUAL ALLEGATIONS

28. Defendants own and/or operate as Vanderbilt Construction Co., an enterprise located in St. Louis, Missouri.

29. Defendant Vanderbilt US Holdings Corp. is a construction company located in St. Louis, Missouri.

30. Plaintiff was hired by Defendants in approximately May 2020.

31. At all relevant times, Plaintiff worked for Defendants until approximately August 2020.

32. At all relevant times, in his work for Defendants, Plaintiff worked as a plumber and construction worker for Defendants.

33. In his work for Defendants, Plaintiff performed non-exempt manual labor, all of which was related to Defendants' construction business. Such work included, but was not limited to, plumbing- and construction-related manual labor.

34. Defendants, in their sole discretion, determined Plaintiff's hourly rate of pay to be $15.

35. Plaintiff, in his work for Defendants, was generally scheduled to, and did, work between 40 and 60 hours per week

36. Defendants did not compensate Plaintiff one and one-half times his regular rate of pay for all hours worked in excess of 40 hours in a workweek.

37. Rather than classify Plaintiff as an employee, Defendants classified Plaintiff as 1099 independent contractor.

38. Despite having misclassified Plaintiff as an independent contractor, Plaintiff was actually an employee as defined by the FLSA, 29 U.S.C. § 201, et seq. and M.R.S. §§ 290.500-290.530.

39. Plaintiff, in his work for Defendants, used Defendants' equipment and wore a company uniform.

40. At all relevant times, Defendants controlled Plaintiff's schedule.

41. At all relevant times, Plaintiff was economically dependent on Defendants.

42. The following further demonstrates that Plaintiff was an employee of Defendants:

   a. The work performed by Plaintiff was akin to a specialty job on the production line;

  b. Defendants had the right to hire and fire Plaintiff;

  c. Defendants made the decision not to pay overtime to Plaintiff;

  d. Defendants supervised Plaintiff and subjected him to their rules;

  e. Plaintiff had relatively insignificant financial investment;

  f. Plaintiff had no opportunity for profit or loss in the business;

  g. The work that Plaintiff performed for Defendants was not work that required initiative, judgment, or foresight;

  h. The services rendered by Plaintiff in his work for Defendants was integral to Defendants' business;

  i. Plaintiff was hired as a permanent employee, working for Defendants for continuous unspecified amounts of time.

43. From the beginning of Plaintiff's employment through the present day, Defendants failed to properly compensate him for any of his overtime hours.

44. At all relevant times, Defendants controlled Plaintiff's schedules.

45. At all relevant times, Plaintiff was economically dependent on Defendants.

46. At all relevant times, Defendants did not pay Plaintiff one and one-half times his regular rates of pay for time spent working in excess of 40 hours in a given workweek.

47. During the time that Plaintiff worked for Defendants, Plaintiff regularly worked in excess of 40 hours in a given workweek without receiving any overtime premium whatsoever, in violation of the FLSA, 29 U.S.C. § 207(a).

48. During the time that Plaintiff worked for Defendants, Plaintiff regularly worked in excess of 40 hours in a given workweek without receiving one and one-half times his regular rate of pay, in violation of the FLSA, 29 U.S.C. § 207(a).

49. During the time that Plaintiff worked for Defendants, Plaintiff regularly worked in excess of 40 hours in a given workweek without receiving one and one-half times his regular rate of pay, in violation of M.R.S. §§ 290.500 through 290.530.

50. For the final two weeks that Plaintiff worked Defendants, Plaintiff worked approximately 60 hours per week.

51. For the final five weeks that Plaintiff worked for Defendants, Defendants paid Plaintiff no wages whatsoever.

52. As a result of not having paid any wage whatsoever to Plaintiff during his final five weeks with Defendants, Defendants failed to pay applicable minimum wages to Plaintiff.

53. As a result of not having paid any wage whatsoever to Plaintiff during his final five weeks with Defendants, Defendants failed to pay applicable overtime wages to Plaintiff.

54. As a result of Defendants' willful failure to compensate Plaintiff any wage whatsoever for such hours worked, Defendants violated 29 U.S.C. § 206(a).

55. As a result of Defendants' willful failure to compensate Plaintiff any wage whatsoever for such hours worked, Defendants violated 29 U.S.C. § 207(a).

56. As a result of Defendants' willful failure to compensate Plaintiff any wage whatsoever for such hours worked, Defendants violated M.R.S. §§ 290.500 – 290.530.

57. Plaintiff was a non-exempt employee.

58. At all relevant times, Defendants failed to properly compensate Plaintiff for any of his overtime hours.

59. At all relevant times, Defendants also failed to properly compensate Plaintiff at the applicable minimum wage for many of the hours he worked for Defendants.

60. Defendants knew that – or acted with reckless disregard as to whether – their refusal or failure to properly compensate Plaintiff during the course of his employment would violate federal and state law, and Defendants were aware of the FLSA and Missouri minimum wage and overtime requirements during Plaintiff's employment.  As such, Defendants' conduct constitutes a willful violation of the FLSA and the Missouri Minimum Wage Law.

61. Defendants refused and/or failed to properly disclose to or apprise Plaintiff of his rights under the FLSA.

62. Plaintiff is a covered employee within the meaning of the FLSA.

63. Defendants refused and/or failed to properly disclose to or apprise Plaintiff of his rights under the FLSA.

64. Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

65. Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid minimum and overtime wages, an additional amount equal amount as liquidated damages, interest, and reasonable attorney's fees and costs of this action under 29 U.S.C. § 216(b).

66. Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid wages, an additional amount equal to twice the unpaid minimum wages as liquidated damages, interest, and reasonable attorney's fees and costs of this action under M.R.S §§ 290.500 through 290.530.

### COUNT ONE: FAIR LABOR STANDARDS ACT
### FAILURE TO PAY OVERTIME

67. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

68. Plaintiff was a non-exempt employee entitled to statutorily mandated overtime wages.

69. In a given workweek, Defendants failed to pay one and one-half times the applicable regular rate of pay for all hours worked in excess of 40 hours.

70. As a result of Defendants' failure to pay Plaintiff one and one-half times his regular rate for all hours worked in excess of 40 per week in a given workweek, Defendants failed and/or refused to pay Plaintiff the applicable overtime rate for all hours worked for the duration of his employment, in violation of 29 U.S.C. § 207.

71. As a result of Defendants' willful failure to compensate Plaintiff the applicable overtime rate for all hours worked, Defendants violated the FLSA.

72. As such, the full applicable overtime rate is owed for all hours that Plaintiff worked in excess of 40 hours per week.

73. Defendants knew that – or acted with reckless disregard as to whether – their failure to pay Plaintiff the proper overtime rate would violate federal and state law, and Defendants were aware of the FLSA minimum wage requirements during Plaintiff's employment. As such, Defendants' conduct constitutes a willful violation of the FLSA.

74. Defendants have and continue to willfully violate the FLSA by not paying Plaintiff a wage equal to one and one-half times the applicable regular rate of pay for all time Plaintiff spent working for Defendants.

75. Plaintiff is therefore entitled to compensation one and one-half times his regular rate of pay for all hours worked in excess of 40 per week at an hourly rate, to be proven at trial, plus liquidated damages, together with interest, costs, and reasonable attorney fees.

**WHEREFORE**, Plaintiff, Ron Williams, individually, respectfully requests that the Court grant relief in Plaintiff's favor, and against Defendant for compensation for unpaid wages, liquidated damages, prejudgment and post-judgment interest, reasonable attorneys' fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

### COUNT TWO: FAIR LABOR STANDARDS ACT
### FAILURE TO PAY MINIMUM WAGE

76. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

77. As a result of not paying Plaintiff any wage whatsoever for the final five weeks of his employment, Defendant willfully failed or refused to pay Plaintiff the FLSA-mandated minimum wage.

78. Defendant's practice of willfully failing or refusing to pay Plaintiff at the required minimum wage rate violated the FLSA, 29 U.S.C. § 206(a).

79. Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Ron Williams, individually, respectfully requests that the Court grant relief in Plaintiff's favor, and against Defendant for compensation for unpaid wages, liquidated damages, prejudgment and post-judgment interest, reasonable attorneys' fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

### COUNT THREE: MISSOURI MINIMUM WAGE LAW
### FAILURE TO PAY MINIMUM WAGE

80. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

81. As a result of not paying Plaintiff any wage whatsoever for the final five weeks of his employment, Defendant willfully failed or refused to pay Plaintiff the Missouri minimum wage.

82. Defendant's practice of willfully failing or refusing to pay Plaintiff at the required minimum wage rate violated M.R.S. §§ 290.500 through 290-530.

83. Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional amount equal to twice the underpaid wages as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Ron Williams, individually, respectfully requests that the Court grant relief in Plaintiff's favor, and against Defendant for compensation for unpaid wages, liquidated damages, prejudgment and post-judgment interest, reasonable attorneys' fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

## COUNT FOUR: MISSOURI MINIMUM WAGE LAW
## FAILURE TO PAY OVERTIME

84. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

85. Plaintiff was a non-exempt employee entitled to statutorily mandated overtime wages.

86. In a given workweek, Defendants failed to pay one and one-half times the applicable regular rate of pay for all hours worked in excess of 40 hours.

87. As a result of Defendants' failure to pay Plaintiff one and one-half times his regular rate for all hours worked in excess of 40 per week in a given workweek, Defendants

failed and/or refused to pay Plaintiff the applicable overtime rate for all hours worked for the duration of his employment, in violation of M.R.S. §§ 290.500 through 290.530.

88. As a result of Defendants' willful failure to compensate Plaintiff the applicable overtime rate for all hours worked, Defendants violated Missouri Minimum Wage Law.

89. As such, the full applicable overtime rate is owed for all hours that Plaintiff worked in excess of 40 hours per week.

90. Defendants knew that – or acted with reckless disregard as to whether – their failure to pay Plaintiff the proper overtime rate would violate federal and state law, and Defendants were aware of Missouri Minimum Wage Law's minimum wage and overtime requirements during Plaintiff's employment. As such, Defendants' conduct constitutes a willful violation of Missouri Minimum Wage Law.

91. Defendants have and continue to willfully violate Missouri Minimum Wage Law by not paying Plaintiff a wage equal to one and one-half times the applicable regular rate of pay for all time Plaintiff spent working for Defendants.

92. Plaintiff is therefore entitled to compensation one and one-half times his regular rate of pay for all hours worked in excess of 40 per week at an hourly rate, to be proven at trial, plus liquidated damages, together with interest, costs, and reasonable attorney fees.

**WHEREFORE**, Plaintiff, Ron Williams, individually, respectfully requests that the Court grant relief in Plaintiff's favor, and against Defendant for compensation for unpaid wages, liquidated damages, prejudgment and post-judgment interest, reasonable attorneys' fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

RESPECTFULLY SUBMITTED this 21st day of September, 2020.

          THE LAW OFFICES OF SIMON & SIMON

          By: /s/ *James L. Simon*
          James L. Simon, 0089483 (OH)
          5000 Rockside Road
          Liberty Plaza – Suite 520
          Independence, OH 44131
          Telephone: (216) 525-8890
          Facsimile: (216) 642-5814
          Email: james@bswages.com